http://www.va.gov/vetapp16/Files5/1639917.txt

Citation Nr: 1639917 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 09-43 016 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts

THE ISSUE

Entitlement to an increased rating in excess of 10 percent for a service-connected right wrist disability prior to December 1, 2015, excluding periods of temporary total evaluation, and in excess of 40 percent thereafter.

REPRESENTATION

Veteran represented by: Massachusetts Department of Veterans Services

ATTORNEY FOR THE BOARD

Jack S. Komperda, Associate Counsel

INTRODUCTION

The Veteran served on active duty from June 1973 to June 1976.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a May 2009 rating decision by the Department of Veterans Affairs (VA) Regional Offices (RO) in Boston, Massachusetts.

In June 2013, the Board remanded the claim to afford the Veteran a new VA examination. VA treatment records show that the Veteran subsequently underwent a fusion of his right wrist on October 10, 2014. In a December 2014 rating decision, the Veteran was assigned a temporary 100 percent evaluation for the period from October 14, 2014 to November 31, 2015. A 40 percent evaluation was assigned thereafter. Prior to the wrist surgery, the Veteran also received temporary total evaluations for the periods between July 2, 2010 to October 31, 2010, and from February 10, 2012 to April 30, 2012.

This matter was last before the Board in March 2016 and was remanded for further evidentiary development. For the reasons discussed below, another remand is required. See Stegall v. West, 11 Vet. App. 268 (1998).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Veteran asserts that he is entitled to an extraschedular evaluation for his service-connected right wrist disability based on the severity of his symptoms and the impact of his disability on his occupational, home and extra-curricular activities. See May 2013 Appellant's brief.

A March 2009 VA contract examination for his right wrist noted that the joint function of the right wrist was additionally limited by pain, fatigue, weakness, and lack of endurance after repetitive use, with pain having the major functional impact. The examination report notes the Veteran was employed as a truck driver and has to load and unload vehicles with heavy loads. The examiner noted the Veteran was handicapped because he could not put any weight or pressure on his right wrist.

In October 2013, the Veteran was afforded a VA wrist conditions examination. The examiner noted functional loss of the right wrist that included less movement than normal, excess fatigability, incoordination and pain on movement. The Veteran did not have ankylosis of either wrist joint. The examiner stated that the Veteran was right-hand dominant, and the extremely limited range of motion in the right wrist significantly impairs not only manual dexterity, but also the ability to use tools, lift, and push, effectively excluding the Veteran from numerous sedentary jobs and labor jobs requiring hand strength, dexterity and coordination. The VA examiner further stated that the Veteran's wrist condition impacted his ability to work. The examiner noted the Veteran was employed as a commercial truck driver. With the diminished active range of motion of the right hand (which was virtually ankylosed), he had to use his elbow and shoulder to change the position of the hand, which was fatiguing. Further, the Veteran drove exclusively with the left hand on the steering wheel, which diminished efficiency, increased fatigue and diminished safety.

Pursuant to the March 2016 Board remand, the Veteran was afforded a VA examination in May 2016 after which the examiner provided a diagnosis of osteoarthritis of the right wrist. The Veteran stated that he has flare-ups with some activities such as yard work or when he has to shift a lot during his work as a truck driver. The Veteran also stated that bowling and golfing are affected by his right wrist. He was also noted to be unable to do house painting or working on household jobs. Upon examination, the Veteran was unable to perform range of motion testing. The examiner noted that the Veteran's right wrist was fused at 15 degrees dorsiflexion on October 10, 2014.

The Board notes that the Veteran was assigned a 100 percent disability rating from October 14, 2014 to November 30, 2015 following his total right wrist replacement, and was subsequently assigned a 40 percent disability rating from December 1, 2015, under 38 C.F.R. § 4.71a, Diagnostic Code 5053 pertaining to wrist replacement (prosthesis). Under this diagnostic code, the Veteran is in receipt of the highest schedular rating. However, under Diagnostic Code 5214 pertaining to ankylosis of the wrist, the Veteran could receive a potentially higher 50 percent rating for unfavorable ankylosis, in any degree of palmar flexion, or with ulnar or radial deviation. The May 2016 VA examination report does not provide adequate findings on the status of the Veteran's right wrist to determine whether he would qualify for a 50 percent disability rating. As such, a remand is necessary to afford the Veteran a new VA examination.

Further, there is highly probative evidence in the record that the Veteran's right wrist disability markedly interferes with employment and other activities of daily living beyond that contemplated by the schedular criteria. On remand, the VA examiner is asked to provide a detailed description of the manner and extent to which the Veteran's service-connected right wrist disability, considered alone, impairs functions related to employment and other activities of daily living. The claim must then be referred for consideration of an extraschedular evaluation.

Since the claims file is being returned it should be updated to include any outstanding VA treatment records. See 38 C.F.R. § 3.159(c)(2); see also Bell v. Derwinski, 2 Vet. App. 611 (1992).

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the claims file all outstanding VA treatment records regarding the Veteran dated since May 2016. If no medical records are available, this should be noted in the Veteran's claims file.

2. Contact the Veteran and request that he provide a detailed educational and employment history.

3. Then schedule the Veteran for an appropriate VA examination to determine the severity of his service-connected right wrist disability. All studies deemed appropriate should be performed and all findings should be set forth in detail. The claims folder must be made available to the examiner for review in conjunction with the examination. 

(a) Prior to his October 14, 2014 wrist fusion, please identify active and passive ranges of motion as well as ranges of motion with weight-bearing and nonweight-bearing. Please also assess the such ranges of motion for the opposite (left) wrist. Please indicate if such assessment is not possible; and 

(b) Please identify whether there is ulnar or radial deviation in the fused right wrist; and

(c) Please identify whether there is extremely unfavorable ankylosis

(d) Please provide a full description of the manner and extent to which the Veteran's service-connected right wrist disability, considered alone, impairs functions related to employment. 

Detailed rationale is requested for all opinions provided. If an opinion cannot be made without resort to speculation, the examiner should provide an explanation as to why this is so and note what, if any, additional evidence would permit such an opinion to be made.

4. After the above development is completed, refer the claim to the Under Secretary for Benefits or the Director, Compensation Service, for extraschedular consideration of the Veteran's service-connected right wrist disability under 38 C.F.R. § 3.321 (b)(1).

5. After conducting any other development deemed necessary, readjudicate the Veteran's claim. If any benefits sought remain denied, issue an appropriate Supplemental Statement of the Case (SSOC) and provide the Veteran and his representative an opportunity to respond. The case should then be returned to the Board, if otherwise in order, for further appellate review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
M. C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).